## McDonald *v* O'Neil, Appellant.

*Fraudulent conveyance of land—Subsequent creditor.*

A purchaser of land caused it to be conveyed to his son. A creditor who became such years afterward cannot impeach the deed to the son as procured to defeat creditors.

Argued April 9, 1894. Appeal, No. 156, July T., 1893, by defendant, D. L. O'Neil, from judgment of C. P. Luzerne Co., March T., 1893, No. 111, on verdict for plaintiff, Patrick G. McDonald. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment. Before RICE, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was binding instruction for plaintiff, quoting it.

*Q. A. Gates, J. L. Lenahan* with him, for appellant, cited: Zuver v. Clark, 104 Pa. 222; Henderson v. Henderson, 133 Pa. 399; McKee v. Gilchrist, 3 Watts, 232; McGeary's Ap., 72 Pa. 367; Lynch v. Cox, 23 Pa. 265; Nixon's Ap., 63 Pa. 279; Botsford v. Burr, 2 Johns. Ch. 408.

*John McGahren* and *L. H. Bennett,* for appellee, not heard, cited: Bredin's Ap., 92 Pa. 241; Blystone v. Blystone, 51 Pa.

373; Evans v. Dravo, 24 Pa. 63; Gill v. Henry, 95 Pa. 388; Harbaugh v. Butner, 148 Pa. 273; Kimble v. Smith, 95 Pa. 69; Haak's Ap., 100 Pa. 59; Harlan v. Maglaughlin, 90 Pa. 293; Shaw v. Galbraith, 7 Pa. 111; Showman v. Miller, 6 Md. 480; Terrett v. Taylor, 9 Cranch, 53.

PER CURIAM, April 23, 1894:

The house and lot in controversy belonged formerly to the defendant. He sold it to Michael McDonald, and when the deed came to be made in 1879, at the request of the purchaser it was made not to him, but to his son, the present plaintiff, then but eight or nine years of age. In 1887, O'Neil obtained a judgment against Michael McDonald, the father, and caused this house and lot to be seized by the sheriff and sold as his property. He became the purchaser at sheriff's sale and got into possession. This action is by the son, the grantee of O'Neil in the deed of 1879. The defendant seeks now to show that the father was indebted in 1879 and had the deed made to the son to hinder and delay creditors. If this was so no one of those sought to be defrauded is complaining, and O'Neil is in no position to avail himself of the alleged fraud meditated against other persons, and by which he has neither been injured nor misled.

The judgment is affirmed.